**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**RICHARD EARL WILSON, JR.,**

    **Petitioner,**

**v.**                                              **Civil Action No. 3:13-cv-174**
                                                     **(Judge Groh)**

**WARDEN O'BRIEN,**

    **Respondent.**

## REPORT AND RECOMMENDATION

### I. BACKGROUND

On December 3, 2013, the *pro se* petitioner, Richard Earl Wilson, Jr., ("petitioner") filed an Application for Habeas Corpus pursuant to 28 U.S.C. § 2241, maintaining that his sentence was improperly enhanced under 21 U.S.C. § 851 pursuant to United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). (Docket No. 1.) That same day, the Clerk of Court mailed petitioner a Notice of Deficient Pleading, which informed him that he had twenty-one (21) days to correct his Petition by filing it on the correct form as per Local Rule of Prisoner Litigation Procedure 3.4. (Docket No. 3.) By January 2, 2014, petitioner had not filed the correct form ("Court-Approved Motion") and an Order to Show Cause was entered directing petitioner to demonstrate within fourteen (14) days why his case should not be dismissed. (Docket No. 6.) On January 21, 2014, petitioner filed the Court-Approved Petition. (Docket No. 8.) This matter is now pending before the undersigned for a Report and Recommendation.

### II. FACTS[1]

On March 22, 1995, a federal grand jury in the Eastern District of Virginia returned a twenty-

---

[1] Petitioner's original case can be found on Pacer at 2:95-cr-49, United States District Court for the Eastern District of Virginia.

five count indictment against petitioner and nine other co-defendants. The indictment charged the petitioner with the following offenses: (1) conspiracy to distribute and to possess with the intent to distribute crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846; (2) distribution and possession with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(a)(1); (3) using or carrying firearms during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1); and (4) possession of firearms and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). On June 12, 1995, the jury returned a guilty verdict against petitioner on all counts except that it deadlocked on the conspiracy count, which the district court later dismissed. On September 28, 1995, petitioner was sentenced to 240 months imprisonment for violation of 21 U.S.C. § 841(a)(1) to run consecutively with 120 months imprisonment for violation of 18 U.S.C. § 924(c)(1) and 120 months imprisonment for violation of 18 U.S.C. § 922(g)(1).

On May 30, 1997, the Fourth Circuit Court of Appeals affirmed petitioner's convictions relating to 18 U.S.C. § 841(a)(1) and 18 U.S.C. § 922(g)(1), but vacated petitioner's conviction relating to 18 U.S.C. § 924(c)(1) and remanded the matter back to the district court for resentencing. United States v. Stotts, 114 F.3d 1178 (4th Cir. 1997). On October 28, 1997, petitioner was resentenced to 240 months imprisonment for violation of 18 U.S.C. § 841(a)(1) to run consecutively with 120 months imprisonment for violation of 18 U.S.C. § 922(g)(1).

On July 14, 1998, petitioner filed a motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255. The district court denied petitioner's motion on October 14, 1998, and declined to issue a certificate of appealability. On March 17, 1999, petitioner filed a Notice of Appeal to the Fourth Circuit Court of Appeals. On September 21, 1999, the Court of Appeals denied petitioner a certificate of appealability and dismissed the appeal.

On March 26, 2001, petitioner filed a Request for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 which was construed by the Eastern District of Virginia as a second, successive § 2255 Motion and dismissed by the court. On February 25, 2002, petitioner filed a Motion for Writ of Error Coram Nobis which was denied by the court on February 28, 2002. On April 29, 2002, petitioner appealed this decision to the Fourth Circuit Court of Appeals, the district court's decision was affirmed by the Court of Appeals on September 17, 2002.

### III. ISSUES PRESENTED

In his pending § 2241 motion, petitioner seeks an order to "[r]everse petitioner's convictions and vacate, set aside, and/or correct sentence." (Docket No. 8 at 8.) In support of his request, petitioner raises the following claims:

1. Petitioner should not have been subjected to an enhanced sentence under 21 U.S.C. § 851 pursuant to United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). Prior state convictions did not qualify as predicate felonies to increase statutory penalties.

2. Petitioner contends that under Simmons, he has no prior felony convictions.

(Id. at 5-6.)

### IV. ANALYSIS

Title 28, United States Code, Sections 2241 and 2255 each create a mechanism by which a federal prisoner may challenge his detention. However, the two sections are not interchangeable. Section 2255 is the appropriate method for a federal prisoner to challenge his conviction or the imposition of his sentence. Adams v. United States, 372 F.3d 132, 134 (2nd Cir. 2004); see In re Jones, 226 F.3d 328, 332-33 (4th Cir. 2000). Conversely, Section 2241 is the proper method for

3

challenging the execution of a sentence. Adams at 135; see In re Jones, at 332-33. In a § 2241 petition, a prisoner may seek relief from the administration of his parole, computation of his sentence, disciplinary actions taken against him, or the type of detention and conditions in the facility where he is housed. Adams at 135.

In his petition, the petitioner attacks the validity of his conviction and sentence rather than the means of execution and seeks an order to "[r]everse [his] conviction and vacate, set aside and/or correct sentence." (Document. No. 8, p. 8). Accordingly, it is the type of challenge that ordinarily must be brought under § 2255 and not § 2241. A federal prisoner attacking the validity of his conviction or sentence may utilize the provisions of § 2241, but only when § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255; In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997). The law is clearly developed, however, that merely because relief has become unavailable under §2255 because of a limitation bar, the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal, does not demonstrate that the §2255 remedy is inadequate or ineffective. *In re Vial*, at 1194. Moreover, in *Jones*, the Fourth Circuit held that:

> § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000).

Therefore, the remedy provided under § 2255(e) opens only a narrow door for a prisoner to

4

challenge the validity of his conviction or sentence under § 2241. Based on the language in Jones, it is clear the Fourth Circuit contemplated a situation in which a prisoner is imprisoned for an offense which is no longer a crime.

Here, the petitioner does not challenge his underlying convictions for distribution and possession with intent to distribute crack cocaine, and possession of firearms and ammunition by a convicted felon, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 922(g)(1). Instead, he alleges that he should not have been subjected to an enhanced sentence under 21 U.S.C. § 851 because his prior state convictions did not qualify as predicate offenses to increase statutory penalties. However, such a challenge is not cognizable in a § 2241 action.

Fundamentally, "Fourth Circuit precedent does not support the extension of the savings clause to petitioners who challenge only their sentences." Petty v. O'Brien, 2012 WL 509852 (N.D. W.Va. Feb. 15, 2012) (citing United States v. Poole, 531 F.3d 263, 267 n. 7 (4th Cir. 2008)). Rather, the § 2255 savings clause is "confined to instances of actual innocence of the underlying offense of conviction," not just "innocence" of a sentencing factor. Darden v. Stephens, 426 F. App's 173, 174 (4th Cir. 2011) (per curiam) (refusing to extend the savings clause to reach the petitioner's claim that he was actually innocent of being a career offender). Here, the petitioner does not assert that the conduct for which he was actually convicted is no longer criminal. See In re Jones, 226 F.3d at 334.

Relying on the decision in Petty, and the guidance of the Fourth Circuit in Darden, the undersigned concludes that the petitioner has failed to state a cognizable § 2241 claim because he merely challenges a sentencing factor and not the crime for which he was convicted. See also Little v. Hamidullah, 177 F. App'x 375, 375-76 (4th Cir. 2006); Green v. Hemingway, 67 F. App'x 255, 257 (6th Cir. 2003) ("Even if it assumed that [Petitioner]'s allegations are true, the 'actual

5

innocence' exception of the savings clause of § 2255, as it has been interpreted by this Court, is actual innocence of the underlying, substantive offense, not innocence of a sentencing factor.") (internal quotations omitted); Kinder v. Purdy, 222 F.3d 209, 213-14 (5th Cir. 2000) (holding that § 2241 is not available where a petitioner "makes no assertion that he is innocent of the crime for which he was convicted"); White v. Rivera, 518 F.Supp.2d 752, 757 n.2 (D.S.C. 2007), aff'd 262 F. App'x 540 (4th Cir. 2008) ("Furthermore, his 'actual innocence' argument concerning an enhancement does not entitle him to relief under § 2241, as it 'is not the type of argument that courts have recognized may warrant review under § 2241.'"); Boynes v. Berkebile, 2012 WL 1569563, *7 (S.D. W.Va. May 1, 2012).

In reaching this conclusion, the undersigned is mindful of the Fourth Circuit opinions in Simmons[2] and Miller[3]. However, they are clearly distinguishable from this matter. In Simmons, the petitioner was claiming that he was actually innocent of his crime of conviction, being a felon in possession of a firearm. After examining a North Carolina statute, the Fourth Circuit held that 18 U.S.C. § 922(g)(1) did not apply to defendants whose prior conviction could not have resulted in a sentence of more than one year in prison. Although petitioner does not cite to it, in Miller, the Court held that Simmons is retroactive to cases on collateral review that involve claims of actual innocence of any underlying felon in possession of firearm conviction in violation of 18 U.S.C. § 922(g). However, both decisions involved defendants who alleged that they were factually innocent of their predicate offense, and they do not apply to cases, such as the petitioner's, where the claim is that

---

[2]United States v. Simmons, 649 F.3d 237 (4th Cir. 2011)

[3]Miller v. United States, 735 F.3d 141 (4th Cir. 2013)

6

prior state convictions do not qualify as predicate offenses to increase statutory penalties.[4]

## V. **RECOMMENDATION**

Based on the foregoing reasoning, the undersigned recommends that the petitioner's Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 be **DENIED WITH PREJUDICE**.

Within fourteen (14) days after being served with a copy of this report and recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the recommendation to which objections are made, and the basis for such objections. A copy of such objections should be submitted to the Honorable Gina M. Groh, United States District Judge. Failure to timely file objections to this recommendation will result in a waiver of the right to appeal from a judgment of this Court based upon such recommendations. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the

---

[4] In a very recent decision, the Fourth Circuit has indicated that equitable tolling applied to a defendant who sought § 2255 relief under Simmons. See Whiteside v. United States of America, 2014 WL 1364019 (4th Cir. Apr. 8, 2014) (presenting the question whether a federal inmate may use a § 2255 motion to challenge a sentence that was based on a career offender enhancement under the United States sentencing Guidelines when subsequent case law reveals the enhancement to be inapplicable to him.) The undersigned takes no position as to whether the petitioner might now be granted leave by the Fourth Circuit to file a second or successive § 2255 with the sentencing court. Nor, does the undersigned take any position as to merits of the petitioner's claim that he does not have the requisite predicate offenses to qualify him as a career offender. Moreover, in Whiteside, the Court noted that they "**expressly do not decide whether the savings clause in § 2255(e) might justify relief from a Simmons sentencing error through the filing of a § 2241 petition**." Whiteside at footnote 4 (emphasis added).

*pro se* petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: July 28, 2014

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE