**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**MARTINSBURG**

**RICHARD EARL WILSON, JR.,**

> Petitioner,

**v.**                                                          **CIVIL ACTION NO. 3:13-CV-174**
                                                                **(JUDGE GROH)**

**WARDEN O'BRIEN,**

> Respondent.

## ORDER ADOPTING OPINION/REPORT AND RECOMMENDATION

On this day, the above-styled matter came before the Court for consideration of the

Report and Recommendation ("R&R") of United States Magistrate Judge John S. Kaull.

This action was referred to Magistrate Judge Kaull for submission of an R&R by standing

order.

On December 3, 2013, the *pro se* Petitioner initiated this case by filing an Application

for Habeas Corpus pursuant to 28 U.S.C. § 2241.  He contends that his sentence was

improperly enhanced under 21 U.S.C. § 851 pursuant to <u>United States v. Simmons</u>, 649

F.3d 237  (4th Cir. 2011).  On July 28, 2014, Magistrate Judge Kaull filed his R&R [Doc.

10].  He recommends that the Court deny the petition with prejudice.  The Petitioner timely

filed an objection to the R&R.

## I.  Standard of Review

Under 28 U.S.C. § 636(b)(1), this Court must make a *de novo* review of those

portions of the magistrate judge's findings to which objection is made. The Court is not

required to review, under a *de novo* or any other standard, the factual or legal conclusions

of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. Thomas v. Arn, 474 U.S. 140, 150 (1985). Failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Accordingly, the Court will review *de novo* those portions of the R&R to which the Petitioner objects and the remainder of the R&R for clear error.

## II. Analysis

Magistrate Judge Kaull recommends dismissing the petition because a challenge to the application of a sentencing factor is not cognizable in a § 2241 action and, further, the savings clause of 28 U.S.C. § 2255(e) does not apply per the three-part test of In re Jones, 226 F.3d 328 (4th Cir. 2000).

The Petitioner does not object to this recommendation or any other portion of the R&R. Instead, he asks that the Court "hold this case in abeyance" pending the outcome of an appeal in Surratt v. United States, Civil Action No. 3:12-CV-513, 2014 WL 2013328 (W.D.N.C. May 16, 2014). The court in Surratt also found that relief under Simmons is not available through a § 2241 motion. 2014 WL 2013328, at *5-7.

Here, the Court does not find good cause to hold this case in abeyance. The Petitioner admits that this action is not cognizable. See id. The Fourth Circuit has not held otherwise. Accordingly, because the Petitioner does not object to the R&R's findings and the Court finds no clear error in the R&R, the Court overrules the objection and adopts the R&R.

## III. Conclusion

Upon careful review of the record, the Court **OVERRULES** the Petitioner's

Objection. It is the opinion of this Court that the magistrate judge's Report and Recommendation should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated therein. Accordingly, the Court **DISMISSES WITH PREJUDICE** the Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241.

The Court **DIRECTS** the Clerk to enter judgment in favor of the Respondent.

The Court further **DIRECTS** the Clerk to close this case and strike it from this Court's active docket.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record and the *pro se* Petitioner.

**DATED:** August 19, 2014

GINA M. GROH
UNITED STATES DISTRICT JUDGE